UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No. 8:18-CR-140-T-27MAP

TYRONE WALKER

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss Indictment (Dkt. 38) and the United States' opposition (Dkt. 61). Defendant contends the sole count of the indictment should be dismissed because 18 U.S.C. § 922(g)(1) is unconstitutional, both on its face and as applied against him, as the statute exceeds Congress's authority under the Commerce Clause. (Dkt. 38). Upon consideration, Defendant's Motion to Dismiss is **DENIED**.

Defendant is charged in a one count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 28 U.S.C. § 924(a)(2). (Dkt. 1).

*Unconstitutional on its Face*

Defendant argues that § 922(g)(1) is unconstitutional on its face, because the statutory language of § 922(g)(1) is not limited to "interstate or foreign commerce" nor does it "ensure on a case-by-case basis that the activity being regulated 'substantially affects' interstate or foreign commerce," the statute is unconstitutional on its face. (Dkt. 38, pp. 2-3).

This argument is foreclosed by numerous Eleventh Circuit cases: *United States v. McAllister*, 77 F.3d 387 (11th Cir. 1996), *United States v. Scott*, 263 F.3d 1270, 1272 (11th Cir. 2001) (per

curium), and *United States v. Jordan*, 635 F.3d 1181 (11th Cir. 2011).[1] In *McCallister*, the Eleventh Circuit specifically addressed whether § 922(g)(1) was unconstitutional on its face when juxtaposed with the Commerce Clause. The court, like many other Circuits throughout the country held "... 18 U.S.C. § 922(g)(1) is constitutional." *Id.* at 389. All that is required is that the firearm have a "minimal nexus" to interstate commerce. *Scott*, 263 F.3d at 1274. *See also, Jordan*, 635 F.3d 1181 ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."). Defendant's argument that § 922(g)(1) is unconstitutional on its face has been expressly rejected by the Eleventh Circuit and accordingly, is denied.

## *Unconstitutional as Applied*

Defendant further claims that § 922(g)(1) is unconstitutional as applied because his "criminal activity - i.e., possession - did not substantially affect commerce." (Dkt. 38, p. 3). In other words, Defendant argues that his possession was "purely intrastate." (*Id.*).

Eleventh Circuit precedent also forecloses Defendant's second constitutional argument. "We have also held that Section 922(g)(1) was not unconstitutional as applied to a defendant who possessed a firearm only intrastate because the government demonstrated that the firearm in question 'had traveled in interstate commerce.'" *McAllister*, 77 F.3d at 390. The purpose of § 922(g)(1) is to regulate firearms that have a connection to interstate commerce. *Id.* All that is required by the statute is such a connection. *Id.* "[A]s long as the weapon in question has a 'minimal nexus' to interstate commerce, § 922(g)(1) is constitutional." *Scott*, 263 F.3d at 1274 (citation omitted); *Jordan*, 635

---

[1] Surprisingly, Defendant failed to acknowledge binding precedent in this Circuit that mirror and invalidate the arguments made in his motion.

F.3d at 1189.

The indictment alleges such a nexus, and the government has proffered sufficient evidence to demonstrate that the firearm in Defendant's possession traveled in interstate commerce. (Dkt. 61, p. 5). Such evidence, if submitted, is sufficient to demonstrate the required connection to interstate commerce. Therefore, Defendant's second contention that § 922(g)(1) is unconstitutional as applied, is incorrect. Defendant's second argument is denied without prejudice.

Accordingly, Defendant's Motion to Dismiss the Indictment (Dkt. 38) is **DENIED**.

**DONE AND ORDERED** this 27th day of July, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record