UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                      Case No. 8:18-CR-140-T-27MAP

TYRONE WALKER

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for a Case-Specific Jury Questionnaire, Preliminary Jury Instruction, and Related Relief in Voir Dire. (Dkt. 66). Upon consideration, Defendant's Motion is **DENIED** in all respects.

Defendant is charged in a one count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 28 U.S.C. § 924(a)(2). (Dkt. 1). Through his counsel, Myra Cause, Defendant requests the use of certain materials during voir dire to address and "minimize the impact of implicit bias and ensure that Mr. Walker receives a fair trial." (Dkt. 66).

Defendant's assertions of implicit bias with respect to the jury venire are unsupported and speculative at best. Defendant is charged with a single count of felon in possession. He acknowledges this case does not suffer from racial undertones: "[His] case is not otherwise racially charged, i.e., that racial factors are not explicitly involved." (Dkt. 66, p. 3). Notwithstanding, he argues "[t]his is a felon-in-possession case in which the defendant is black, while most other persons who will be in the courtroom are white" and "the risk that implicit bias will have an impact on jurors' assessment of the evidence in this case is actually exacerbated by the fact that it is not otherwise racially charged." (*Id.* at p. 5). This argument, without supporting facts, is disingenuous.

And the relief Defendant seeks would essentially, and unnecessarily, highlight race. *See United States v. Blankenship*, 382 F.3d 1110, 1126-27 (11th Cir. 2004) (Eleventh Circuit commending the District Court judge for precluding defense from the unnecessary interjection of race into the trial). Finally, Defendant's contentions are belied by his own acknowledgment and are foreclosed by binding Supreme Court and Eleventh Circuit precedent, which he fails to acknowledge.[1]

A trial court has discretion in how voir dire is conducted. *United States v. Miller*, 758 F.2d, 570, 572 (11th Cir. 1985). This includes whether to submit suggested questions to the jury venire. *United States v. Delval*, 600 F.2d 1098, 1102 (5th Cir. 1979). In evaluating whether to submit suggested questions or allow a specific line of questioning to a prospective jury, courts are required to consider the circumstances in the case and determine whether there is a reasonable possibility of prejudice that may influence the jury. *Berthiaume v. Smith*, 875 F.3d 1354, 1358 (11th Cir. 2017) (*citing Rosales-Lopez v. United States*, 451 U.S. 182, 190-92 (1981)).

"The 'critical factor' in making this determination is whether the potentially prejudicial issue is 'inextricably bound up with the conduct of the trial,' such that there is a 'consequent need, under all the circumstances, specifically to inquire into [the] possible [specific] prejudice in order to assure an impartial jury." 875 F.3d at 1358 (*quoting Rosales-Lopez*, 451 U.S. at 189). *See also*, *Ristaino v. Ross*, 424 U.S. 589, 596-98 (1976) (concluding that specific questioning about racial bias was not necessary where the particular circumstances of the case "did not suggest a significant likelihood that racial prejudice might infect trial.") (citations omitted); *United States v. Groce*, 682 F.2d 1359 (11th Cir. 1982) (no issues of racial prejudice when the nature of the case was a victimless drug crime).

---

[1] Defendant once again fails to acknowledge binding Circuit precedent (Dkt. 65, p. 2 n.1). Instead, Defendant relies on various law review articles and a video from the United States District Court for the Western District of Washington.

Applying the rationale of these cases, the circumstances in this case do not suggest a significant likelihood that racial prejudice is "inextricably bound up with the conduct of the trial." *Rosales-Lopez*, 451 U.S. at 189.

Accordingly, Defendant's Motion (Dkt. 66) is **DENIED**.

**DONE AND ORDERED** this 1st day of August, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record